UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBBIEJO STANLEY,

                              Plaintiff,

v.                                                          6:12-CV-1899
                                                            (GTS)
CAROLYN W. COLVIN, Comm'r of Soc. Sec.,

                              Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff                          KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue - Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 TOMASINA DIGRIGOLI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by BobbieJo Stanley

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) are the parties' cross-motions for judgment on the

pleadings. (Dkt. Nos. 12, 17.) For the reasons set forth below, Plaintiff's motion is granted and

Defendant's motion is denied.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on August 20, 1973.  She has completed a high school level of education, having obtained a General Equivalency Diploma.  Plaintiff has worked full time as a cook, cashier and customer service telephone operator.  Generally, Plaintiff's alleged disability consists of left shoulder impingement syndrome, degenerative disc disease, left knee pain, emphysema, black-outs, and an anxiety disorder.  Her alleged disability onset date is November 8, 2001, and her date last insured is September 30, 2004.

### B.    Procedural History

On December 21, 2009, Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income ("SSI").  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On January 26, 2011, Plaintiff appeared before the ALJ, Elizabeth Koennecke.  (T. 26-42.)  The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on April 26, 2011. (T. 10-25.)  On November 7, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following six findings of fact and conclusions of law.  (T. 16-24.)  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (T. 16.)  Second, the ALJ found that Plaintiff had no severe impairments prior to her date last insured, but that after her date last insured, Plaintiff's left shoulder impingement and anxiety disorder were severe impairments.  (T. 16-19.)  Third, the ALJ

found that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  The ALJ considered listings 1.02B and 12.06.  (*Id*.)  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about 6 hours in an 8-hour workday, and sit for six hours in an eight-hour workday, and sit for approximately 6 hours in an 8-hour workday, which is consistent with the ability to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)."  (T. 19-23.)  Further, the ALJ found that Plaintiff "also maintains the abilities (on a sustained basis) to understand, carry out and remember simple instructions; respond appropriately to supervision, co-workers and usual work situations; and deal with changes in a routine work setting."  (*Id*.)  Fifth, the ALJ found that Plaintiff has no past relevant work.  (T. 23.)  Sixth, and finally, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T. 23-24.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes three separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues that the ALJ erred in failing to classify her multiple bulging discs as a severe impairment.  (Dkt. No. 12 at 3-5 [Pl.'s Mem. of Law].)  Second, Plaintiff argues that the ALJ erred by failing to follow the treating physician rule when she did not give controlling weight to the opinion of her treating physician, Norman Freund, M.D.  (*Id*. at 5-7.)  Third, and finally, Plaintiff argues that the ALJ erred in failing to consider her use of a cane to ambulate effectively.  (*Id*. at 7-8.)

**B.     Defendant's Arguments**

In response, Defendant makes three arguments.  First, Defendant argues that the ALJ properly determined that Plaintiff's back pain was not a severe impairment.  (Dkt. No. 17 at 6-9 [Def.'s Mem. of Law].)  Second, Defendant argues that the ALJ properly rejected the assessment from Dr. Freund, Plaintiff's treating physician.  (*Id.* at 9-11.)  Third, and finally, Defendant argues that the ALJ properly determined that Plaintiff was not medically required to use a cane.  (*Id.* at 12.)

**III.     RELEVANT LEGAL STANDARD**

**A.     Standard of Review**

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Erred in Failing to Find Plaintiff's Back Impairment Severe

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17 at 8-9 [Def.'s Mem. of Law].) The Court would only add the following analysis.

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The standard for a finding of severity under the second step of the sequential analysis has been found to be de minimis, and is intended only to screen out the truly weakest of cases. *Davis v. Colvin*, No. 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995). At step two, the claimant bears the burden to provide medical evidence demonstrating the severity of her condition. *See* 20 C.F.R. § 404.1512(a); *Bowen*, 482 U .S. at 146.

Here, the ALJ found that, after the date last insured, Plaintiff's left shoulder impingement and anxiety disorder were severe impairments, but her left knee pain, back disorder, emphysema and black-outs were not severe impairments. (T. 17-19.) Plaintiff argues that the ALJ erred in failing to find her multiple bulging discs a severe impairment because the record includes objective medical test results indicating bulging discs, a treatment plan of physical therapy and medication, and Plaintiff's use of a cane to ambulate effectively. Defendant counters that the ALJ properly determined that Plaintiff's back pain was not a severe impairment because the record does not include any assessment of work-related limitations caused by Plaintiff's back problems. In any event, Defendant adds, because the ALJ found other of Plaintiff's impairments severe, any error in finding her back impairment not severe was harmless.

On October 12, 2009, Plaintiff presented to physician assistant, Teryl Pett, with, among other symptoms, "increased constant back pain." (T. 206.) Plaintiff reported constant pain that begins at her low back and radiates up to her neck, with worsening pain at T10, T11 and T12. (*Id*.) Plaintiff further reported that the pain worsened with activity but improved with rest. (*Id*.) On examination, Plaintiff had point tenderness at T10, T11 and R12 with palpation and a spasm at the lower spine. (T. 207.) Plaintiff had "slightly diminished" range of motion in all directions with increased tenderness with forward flexion and extension. (*Id*.) Ms. Pett prescribed pain medication and physical therapy. (*Id.*) A thoracic and lumbar spine X-ray that same day revealed that "[t]he vertebral body heights and disc spaces are within normal limits. There is no evidence of fractures, subluxations, lytic or blastic lesions. There is mild curvature of the thoracic spine to the left from T7 to T11 of less than 5 degrees." (T. 327.) The radiologist's impression was "[m]ild levoscoliosis of the thoracic spine as described above. Otherwise, unremarkable study of the thoracic and lumbar spine." (*Id.*)

Plaintiff saw Ms. Pett for follow-up on November 23, 2009, wherein the results of an October 23, 2009 MRI of the thoracic and lumbar spine were reviewed. (T. 208.) According to Ms. Pett's treatment note, the results of the MRI are as follows: "Thoracic spine shows mild degenerative bony and dis[c] change at [T6-7, T9-10 and T10-11]. There was no dis[c] herniation found. There was no evidence of cord abnormality present. MRI of the lumbar spine shows mild posterior annular dis[c] bulge at [L3-4, L4-5, and L5-S1]. There is no evidence of dis[c] herniation or nerve root compression. There is mild degenerative facet joint change noted at L4 and L5. The remainder of the study is grossly normal." (*Id.*) Plaintiff reported that physical therapy was making her symptoms worse and that she was now using a cane to assist her with ambulating. Plaintiff further reported that the pain continues to be worse with ambulation and best with sitting. (*Id.*) On exam, Plaintiff had tenderness at L4, L5 and S1 with palpation, but "good range of motion in all directions[.]" (T. 209.) Plaintiff had difficulty standing on her right toes and heel, but no difficulty on her left side. (*Id.*)

Although Defendant argues that the record did not include any evidence of work-related limitations caused by Plaintiff's back pain, there is clearly reference to Plaintiff's difficulty ambulating. To be sure, under the regulations, physician assistants are not "acceptable medical sources," for purposes of determining the existence of a medically determinable impairment. *See Wright v. Colvin*, No 12-CV-0440, 2013 WL 3777187, at *4 (N.D.N.Y. July 17, 2013) (citing 20 C.F.R. § 416.913(a), (d)(1); SSR 06–03p, 2006 WL 2329939, at *2–3 (S.S.A.2006)). However, evidence from such "other sources" as a physician assistant "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* Opinions from medical sources that are not considered acceptable medical sources, such as physician assistants, are "important and should be evaluated on key issues such as impairment

severity and functional effects." *Anderson v. Astrue*, No. 07-CV-4969, 2009 WL 2824584, at *9 (E.D.N.Y. Aug. 28, 2009). The Regulations provide that the Secretary will consider, "evidence from other sources to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." *See* 20 C.F.R. § 404.1513(e). In weighing the opinions of "other sources", the ALJ must use the same factors for the evaluation of the opinions from "acceptable medical sources" enumerated in 20 C.F.R. § 404.1527(c). *Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010).

Here, in addition to the treatment notes of Ms. Pett, the record includes objective medical findings regarding Plaintiff's back impairment. Accordingly, there is record evidence that Plaintiff's back pain significantly limited her ability to do basic work activities, including walking. *See* 20 C.F.R. § 404.1521(b)(1). Therefore, considering the de minimis standard for a finding of severity, it was error for the ALJ to conclude that Plaintiff's back pain is not severe.

Nonetheless, where, as here, "an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010). *See also* 20 C.F.R. § 404.1523 (ALJ required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). Here, the ALJ did not deny benefits based on the lack of a severe impairment. Moreover, it is clear that the ALJ did consider Plaintiff's back impairment in the reminder of her decision. Accordingly, the ALJ's failure to find Plaintiff's back impairment severe at step two of the sequential analysis is harmless error. *See Ellis v. Comm'r of Soc. Sec.*, No. 11–CV–2305, 2012 WL 5464632, at *5 (N.D.N.Y. Sept. 7, 2012). Therefore, remand is not necessary on this basis.

**B.** **Whether the ALJ Properly Weighed the Opinion of Plaintiff's Treating Physician, Dr. Freund**

After carefully considering the matter, the Court answers this question in the negative. The Court would add the following analysis.

At the time of her application for benefits, Plaintiff claimed to have been treated by Norman Freund, M.D., from January 2000 through present. (T. 123.) The record contains limited treatment notes from Dr. Freund during the relevant period, although it appears Plaintiff was seen repeatedly by a physician assistant or nurse practitioner at Dr. Freund's practice throughout that time as well. (T. 191-211, 348-359, 371-429.)

When explaining her RFC analysis, the ALJ discussed an opinion of Dr. Freund that appears in an April 2008 treatment note, to which she assigned minimal weight "as it is not supported by his treatment notes, his clinical findings, the objective medical evidence, or his treatment regimens[]" and because the opinion was rendered prior to the period under consideration. (T. 20-21.) Specifically, on April 11, 2008, Plaintiff saw Dr. Freund for pain in her left shoulder. Dr. Freund noted in his assessment that he completed disability papers for Plaintiff on that day and that Plaintiff "is able to do sedentary work 4 hours a week for 5 days with no lifting or weight[]bearing in her upper extremities for now." (T. 363.) By way of example of the lack of support in the record for Dr. Freund's opinion, the ALJ cited a treatment note from physician assistant Teryl Pett, recorded on October 12, 2009, that a neurologic exam revealed that in Plaintiff's left upper extremity, sensory was intact, she had full strength in her left grip, and her deep tendon reflexes were bilateral and symmetric throughout. (T. 21, 206-207.) The ALJ concluded that, in light of the remoteness of the opinion, its lack of support in the record, and "the fact that it is not clear what Dr. Freund is relying on in completing his

assessment, his opinion is entitled to minimal weight." (T. 21.)

Plaintiff argues that the ALJ erroneously assigned minimal weight to Dr. Freund's opinion based solely on the conclusion she cited because "the record is rife with medical records and opinions from Dr. Freund supporting the limiting effects of [Plaintiff's] conditions[.]" (Dkt. No. 12 at 6 [Pl.'s Mem. of Law].)  Further, Plaintiff argues that the ALJ was under an affirmative duty to re-contact Dr. Freund to find out the reasons for his assessment.  Defendant counters that, as the ALJ noted, the April 2008 assessment of Dr. Freund is outside of the relevant period of consideration for the determination of disability.  Moreover, Defendant argues, because in this case, the record evidence includes a complete medical history, the ALJ was not obligated to develop the record further.

Under the "treating physician's rule," controlling weight is given to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts.  20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir.2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012).  When controlling weight is not given, the ALJ should consider the following factors to determine the proper weight assigned to a treating physician's opinion: (1) frequency of the examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist.  *See* 20 C.F.R. § 404.1527(c); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000).  Regulations require ALJs to set forth his or her reasons for the weight assigned to a treating physician's opinion.  *See Shaw*, 221 F.3d at 134.

Further, the ALJ has an affirmative duty to develop the record. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) ("[I]t is the well-established rule in our circuit that the social security ALJ... must on behalf of all claimants ... affirmatively develop the record...." (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508–09 (2d Cir.2009)) (internal quotation mark omitted)). By statute, an ALJ is duty bound to develop a claimant's complete medical history for at least twelve months prior to the filing of an application for benefits, "but also to gather such information for a longer period if there [is] reason to believe that the information [is] necessary to reach a decision." *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir.1998) (citing 42 U.S.C. § 423(d)(5)(B) *as incorporated by* 42 U.S.C. § 1382c(a)(3)(G) and 20 C.F.R. § 416.912(d)). This duty exists "[e]ven when a claimant is represented by counsel," due to the "non-adversarial nature of a benefits proceeding." *Id.* (quoting *Lamay*, 562 F.3d at 509). Re-contacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. *See* 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1512(e)(1); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir.1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998).

Moreover, an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *See Smith v. Astrue*, 896 F. Supp. 2d. 163, 176 (N.D.N.Y. 2012) (citing 20 C.F.R. § 404.1512(e); *Devora v. Barnhart*, 205 F. Supp. 2d 164, 174 (S.D.N.Y. 2002) (collecting cases); *Hardhardt v. Astrue*, No. 05–CV–2229, 2008 WL 2244995, at *9 (E.D.N.Y. May 29, 2008)). However, the ALJ has no duty to

re-contact a source where the evidence submitted by that source is complete. Where the source's opinion includes all of the factors set forth in 20 C.F.R. § 416.913[1] and there is no indication that further contact will result in additional information, re-contact is not necessary. *See Hluska v. Astrue*, No. 06-CV-0485, 2009 WL 799967, at *17 (N.D.N.Y. Mar. 25, 2009).

Here, to be sure, the ALJ's April 11, 2008 opinion that Plaintiff is able to do sedentary work "[four] hours a week for [five] days" is extremely vague. Nonetheless, that assessment was made well outside of the relevant period for which the ALJ was bound to develop the record. The sole treatment note from Dr. Freund that is within the relevant period is from December 9, 2009. On that day, Plaintiff presented with shoulder pain and back pain. Dr. Freund noted that Plaintiff was in no acute distress, although she complained of sharp pain in both of her shoulders as well as sharp lumbar pain that radiates to the posterior portion of her right and left thigh. (T. 210-211.) On examination, Dr. Freund noted that Plaintiff had pain in her posterior thighs relative to straight-leg raising to 90 degrees, 4/5 strength on flexion and extension of her right leg, and sharp pain over the spinous processes of the thoracic lumbar spine. (T. 211.) Dr. Freund did not assess Plaintiff's shoulder or back pain, but merely continued her on pain management and referred her to a spine specialist to determine the cause of Plaintiff's back pain and weakness and to determine most appropriate treatment options. (*Id.*)

The ALJ asserts that Plaintiff's counsel "confirmed that no treating source was willing to provide a medical source statement for the period at issue." (T. 20.) The ALJ fails to cite the record for support of this assertion and the Court is unable to locate any such confirmation in the

---

[1] Pursuant to 20 C.F.R. § 416.913(b), medical reports should include a patient's (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and a (6) statement about what the patient can still do despite his or her impairments based on the findings set forth in factors (1) through (5).

record. To be sure, at the hearing, Plaintiff's counsel confirmed that the record did not contain any assessments by any treating sources, not that such sources were unwilling to provide a medical source statement. (T. 31.) Considering Plaintiff has identified Dr. Freund as her treating physician, and considering Plaintiff's treatment with Dr. Freund's practice over the course of the relevant period as well as the lack of an assessment of Plaintiff's functional limitations during the relevant period, it was error for the ALJ to fail to seek his opinion regarding Plaintiff's functional limitations during that time.

Accordingly, remand is necessary so that the ALJ may further develop the record and then sufficiently explain the weight assigned to the opinion of Dr. Freund in accordance with this Decision and Order.

### C. Whether the ALJ Erred in Failing to Consider Plaintiff's Use of a Cane to Ambulate

After carefully considering the matter, the Court answers this question in the affirmative. The Court would only add the following analysis.

Plaintiff argues that the ALJ failed to consider her use of a cane to ambulate, citing Social Security Ruling 96-9p. As that Ruling explains, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7. Here, the record includes references to her use of a cane, and although Plaintiff asserts that it was prescribed by a physician, there is no affirmative statement from an acceptable medical source supporting a conclusion that it is medically required. In fact, as Defendant points out,

consultative examiner, Roberto Rivera, M.D. noted that, in his opinion, "the cane and the walker probably are less necessary than psychiatric attention may be necessary for this woman." (T. 224.) Moreover, as the ALJ noted, Plaintiff presented to urgent care on August 30, 2010, with back pain due to "lifting dressers 2 days ago[,]" (T. 314), which the ALJ determined to be consistent with Plaintiff's ability to perform the exertional demands of light work. (T. 23.)

Nonetheless, because there is evidence in the record of Plaintiff's use of a cane and her difficulty ambulating, and because remand is necessary so that the ALJ may recontact Plaintiff's treating physician for a functional assessment, the ALJ should also inquire about Plaintiff's use of a cane to ambulate and the effect of such use on Plaintiff's ability to perform work-related functions.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No.17) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for further proceedings consistent with this Decision and Order.

Dated: March 31, 2014
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge